Reversed and Rendered and Opinion filed June 10, 2008








Reversed and
Rendered and Opinion filed
June 10, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00026-CV

____________

 

FORD MOTOR COMPANY, Appellant

 

V.

 

GLENN MILLER, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE HEIRS AND ESTATE OF CAROLYN MILLER, DECEASED, 

SHAWN LEANN DEAN, JOHN ROLAND, AND
ALMA ROLAND,
Appellees

 



 

On Appeal from the 239th
District Court

Brazoria County, Texas

Trial Court Cause No. 15077*JG01

 



 

O P I N I O N








This appeal arises from a $10,000,000 jury verdict against
appellant Ford Motor Company in favor of appellees Glenn Miller, Individually
and as Personal Representative of the Heirs and Estate of Carolyn Miller,
Deceased, Shawn Leann Dean, John Roland, and Alma Roland.  The jury determined
that Roland had been injured from exposure to asbestos at a Ford facility in
Michigan, where he periodically worked as an employee of an independent
contractor from 1954 to 1965, and that Carolyn Miller, his now-deceased step-daughter,
had been exposed to this asbestos from washing Roland=s work clothes. 
In five issues, Ford challenges the judgment, arguing that it owed no duty to
either Roland or Miller, Roland has no compensable injury, the evidence was
legally insufficient to establish causation, and the trial court erred in
refusing to submit a proportionate responsibility instruction. We reverse and
render judgment in favor of Ford.

                                                I.  Background

From 1954 to 1965, Roland was a union laborer in Michigan,
and independent contractors hired him to work in numerous industrial
facilities, including Ford=s Rouge facility outside of Detroit. 
Roland=s job was to
repair, tear out, and rebuild blast furnaces.  This was extremely dirty work,
which left Roland=s body and clothes covered with filth.  He
wore no protective clothing at work and did not shower or change clothes before
going home.  Miller assisted her mother in washing these work clothes and
eventually took over the job when she was about twelve years old.

In 1999, many years after she left home and no longer
washed these clothes, Miller became ill and was diagnosed with mesothelioma, a
fatal form of cancer that is often caused by asbestos exposure.  Miller died in
2000.  Chest x-rays for Roland revealed the existence of pleural plaques, which
is a condition consisting of benign, asymptomatic scarring on the outside of
the lungs that is also often caused by asbestos exposure.  While pleural
plaques is benign and itself causes no pain, impairment, or symptoms of any
type, it increases Roland=s chances of developing lung cancer in the
future.








Appellees brought suit against Ford under Michigan law,[1]
claiming that Ford=s blast furnaces contained asbestos,
thereby exposing Roland while he was working on them, who in turn exposed
Miller.  The jury agreed and awarded Roland $500,000 and Miller=s estate and
family $9,500,000.  This appeal followed.

                                                    II. 
Analysis

A.  Ford owed no duty to Carolyn Miller.

In its first issue, Ford argues that the trial court erred
in permitting Miller to recover because it owed no duty to her under Michigan
law.  Because Michigan law was unclear on this point, we granted Ford=s motion to
certify the following question to the Michigan Supreme Court:

                   Whether,
under Michigan law, Ford, as owner of the property on which asbestos-containing
products were located, owed to Carolyn Miller, who was never on or near that
property, a legal duty specified in the jury charge submitted by the trial
court, to protect her from exposure to any asbestos fibers carried home on the
clothing of a member of Carolyn Miller=s household who
was working on that property as the employee of an independent contractor.

The
Michigan Supreme Court granted the request to answer the question and answered
it in the negative, holding that Ford owed Miller no such duty.  See In re
Certified Question from the Fourteenth Dist. Court of Appeals, 740 N.W.2d
206, 209B10 (Mich. 2007). 
Accordingly, we sustain Ford=s first issue.  Because we sustain this
issue, we need not address the portion of Ford=s fourth issue in
which it argues the evidence was legally insufficient to show that Miller=s mesothelioma was
proximately caused by asbestos on Ford=s property.

B. 
The trial court erred in awarding damages to John Roland.








Question 5 of the jury charge asked the jury to assess
Roland=s past and future
damages from his injuries, including physical pain and suffering; mental anguish;
fright and shock; denial of social pleasure and enjoyments; embarrassment,
humiliation, or mortification; and, as to future damages only, disability,
including the loss or impairment of the ability to conduct daily activities. 
The jury awarded Roland $250,000 each for past and future damages for a total
of $500,000.

It is undisputed that the only potentially asbestos-related
condition Roland has is pleural plaques and that this pleural plaques is
completely benign and asymptomatic.  Roland suffers from breathing problems due
to emphysema, but it is undisputed that this is caused by a lifetime of smoking
and not asbestos exposure.  Finally, it is undisputed that having pleural
plaques increases the chances that Roland might develop lung cancer in the future
but does not guarantee that he will.  At trial, Roland=s counsel urged
the jury to base its award on this risk:

[W]hat we are here for, at least
with respect to Mr. Roland, is because he was exposed to asbestos and he=s a smoker, [and]
he=s at a high risk
for lung cancer.

Ford contends in its second issue that an award of damages
on this basis is improper.  We agree.  Michigan law is clear that negligence
recovery must be based on a present injury, not the fear of a speculative
future injury.  See Henry v. Dow Chem. Co., 701 N.W.2d 684, 688B89 (Mich. 2005); Larson
v. Johns-Manville Sales Corp., 399 N.W.2d 1, 8 (Mich. 1986).  As the
Michigan Supreme Court stated in Certified Question, Arecognizing a
cause of action based solely on exposureCone without a
requirement of a present injuryCwould create a potentially limitless pool
of plaintiffs.@  740 N.W.2d at 220.  The undisputed evidence shows
only that Roland might get cancer in the future, and that is not a sufficient
basis to support a recovery.  See Henry, 701 N.W.2d at 688B89; Larson,
399 N.W.2d at 8.








Apparently recognizing this problem, Roland presents
several new theories on appeal to support his damages award.  First, he argues
that the jury could have determined that his pleural plaques could cause
breathing problems in the future.  In addition to being a speculative,
potential injury and not a present injury, no evidence supports a conclusion
that pleural plaques will cause breathing problems.  The evidence regarding
future injury from pleural plaques pertains only to cancer, not breathing
problems.  Roland next argues that the jury could have awarded damages for
pleural plaques based on mental anguish, embarrassment, or any of the other
factors listed in Question 5.  However, as Roland=s counsel conceded
at oral argument, Roland offered no testimony to support such an award.  The
only evidence regarding mental anguish or anything similar from Roland involved
his feelings for his role in exposing Miller to asbestos, but Roland=s injuryCpleural plaquesCdid not cause
Miller=s mesothelioma.

Finally, Roland now argues that he can recover damages for
his pleural plaques because the scarring has permanently altered his body and
is therefore a present injury.  However, a mere physical change that is not
detrimental does not constitute a harm.  See Restatement (Second) of Torts ' 7 cmt. b (1965). 
Many courts around the country have analyzed the issue of benign, asymptomatic
pleural plaques in asbestos cases and have determined that pleural plaques
itself is not a compensable injury.  See, e.g., In re Haw. Fed.
Asbestos Cases, 734 F. Supp. 1563, 1567 (D. Haw. 1990); Simmons v.
Pacor, Inc., 674 A.2d 232, 236B38 (Pa. 1996)
(collecting cases).  Further, even assuming Roland=s pleural plaques
is a compensable injury, as explained above, there was no evidence whatsoever
to show any damages from that injury.  Roland=s counsel cited a
case at oral argument for the proposition that damages are recoverable for
scarring, but, unlike here, that case involved a visible scar that the
plaintiff testified embarrasses her and also causes her daily pain.  See
Parizon v. Children=s Hosp. of Mich., No. 213251, 2000
WL 33391097, at *2 (Mich. Ct. App. Dec. 15, 2000).

Because there is no basis to uphold the jury=s damages award to
Roland, we sustain Ford=s second issue, and we need not address
Ford=s remaining issues
as to Roland.








III.  Conclusion

Ford owed no duty to Carolyn Miller, and Roland suffered no
compensable injury and provided no evidence of any damages.  Thus, we reverse
the trial court=s judgment and render judgment in favor of
Ford.

 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Opinion filed June 10, 2008.

Panel consists of
Justices Yates, Guzman, and Brown.









[1]  The parties are in agreement that Michigan law
applies to this case.